UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OTIS DRAVEN STONE COFIELD, | CIVIL ACTION |
| VERSUS | NO. 26-248 |
| TERREBONNE PARISH SHERIFF'S OFFICE, ET AL. | SECTION "M"(3) |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, Otis Draven Stone Cofield, a Louisiana state prisoner, filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983 against Terrebonne Parish Sheriff's Office, Timothy Soignet, and Rhonda Ledet. In his Statement of Claim, Cofield asserts, without corrections to grammar or spelling, as follows:

> The vents are dirty. It is stuffed with dust causing me to have sinus problems. Sheriff Timothy Soignet is involved because he is the Sheriff and he overseas the jail and Warden Rhonda Ledet is the Warden of the jail and is implied to keep the jail in healthy living conditions that is outside of the offender scope which is occurring in all living units throughout the jail currently I'm housed in Charlie 200.[1]

Cofield seeks monetary damages and transfer to a cleaner environment.[2]

## I.     Mandatory Screening Provisions

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. 1915(e)(2) thus directs, in relevant part, that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's

---

[1] R. Doc. 3 at 4.
[2] *Id.* at 5.

complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

In addition, because Cofield is incarcerated, he is subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.    Analysis

Cofield filed this action under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).

Even liberally construed,[18] Cofield's claims against defendants should be dismissed because they are frivolous and/or fail to state a claim on which relief may be granted.

### A.  Terrebonne Parish Sheriff's Office

Cofield's claim against the Terrebonne Parish Sheriff's Office fails on the face of the complaint. The Terrebonne Parish Sheriff's Office is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a

corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236, 238–39 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Terrebonne Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued...."); *see also Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Cofield's claim against the Terrebonne Parish Sheriff's Office should be dismissed.

### B. Sheriff Soignet & Warden Ledet

Cofield also named as defendants Sheriff Soignet and Warden Ledet. Cofield explains that he sued Sheriff Soignet because "he overse[e]s the jail."[3] He sued Ledet because she is the "Warden of the jail and is implied to keep the jail in healthy living conditions...."[4]

The United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation

---

[3] *Id.* at 4.
[4] *Id.*

4

omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action," *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and such involvement must be specifically alleged. Cofield does not allege any facts to establish that Sheriff Soignet and Warden Ledet are directly involved in the cleaning of the correctional center. Cofield's mere listing of Sheriff Soignet and Warden Ledet as defendants without making any factual allegations connecting them to his claim does not suffice to state a claim against them.

It appears Cofield seeks to hold defendants liable for the actions of individual staff at the prisoner. Sheriff Soignet and Warden Ledet, however, may not be held responsible under a theory of *respondeat superior* under § 1983, based on a claim that prison personnel under their supervision caused his injury. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996); *accord Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010). A supervisory official may be held liable for his subordinates' actions under § 1983 only if the official implemented an unconstitutional policy that causally resulted in the injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691–95; *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)).

Here, Cofield does not allege that an official policy resulted in his injury. Furthermore, Fifth Circuit jurisprudence dictates that Warden Ledet is not a policymaker. *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) ("Official-capacity suits may be brought only against an official acting as a policymaker, such that his decisions represent the official policy of the local

5

government unit ... [and] [i]n Louisiana, the sheriff [not the warden] is the final policymaker.").

It is unnecessary to allow Cofield an opportunity to amend the complaint either to allege the personal involvement of Sheriff Soignet and Warden Ledet or to name another defendant, because, in any event, his underlying claim is frivolous and/or fails to state a claim for the following reasons.[5]

Clearly, there is a point beyond which a jail's conditions are so unsanitary as to render them unconstitutional. *See, e.g., Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (holding that confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). Nonetheless, while a jail should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain*, No. 09-2823,

---

[5] It also appears that Cofield failed to exhaust his administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e, which provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative remedy procedure at the Terrebonne Parish Criminal Justice Complex where Cofield is housed involves a three-step process wherein, at step one, an inmate submits a grievance and the grievance officer has twenty days to respond. *Delaune v. Haydel*, No. 12-2727, 2013 WL 5570325, at *2 (E.D. La. Oct. 9, 2013), *adopted*, 2013 WL 6780604 (E.D. La. Dec. 19, 2013). Thereafter, if the inmate is unsatisfied with the response, he has five days to request a step two review, and a response will be provided within 25 days. *Id.* Finally, the inate has five days to request a step three review, and a response will be provided within 40 days. *Id.* Here, Cofield states that he filed a grievance on January 16, 2026. R. Doc. 3 at 2. He signed his complaint a mere six days later on January 22, 2026. *Id.* at 5. Given the passage of only six days, it is unlikely that Cofield proceeded through all three steps of review before filing his complaint.

2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009).

In order to establish a constitutional violation as a result of inadequate conditions of confinement, an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need and, second, that prison officials acted out of deliberate indifference to the inmate's health or safety. *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020); *see also Taylor v. Woods*, 211 F. App'x 240, 241 (5th Cir. 2006). An official is deliberately indifferent to an inmate's health and safety in violation of the Constitution only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 1991). The plaintiff must prove facts sufficient to show "at a minimum, that the prison officials realized there was imminent danger and have refused--consciously refused, knowingly refused--to do anything about it." *Cheramine v. Larpenter*, No. 20-0201, 2020 WL 1931233, at *6 (E.D. La. April 2, 2020) (citing *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir. 1987)), *adopted*, 2020 WL 1923125 (E.D. La. April 21, 2020) and 2020 WL 1956990 (E.D. La. April 23, 2020).

In this case, Cofield complains of the presence of dust and dirt.[6] Yet, "the presence of dust does not render an inmate's confinement unconstitutional." *Trahan*

---

[6] R. Doc. 3 at 4.

*v. Swartz*, No. 19-10145, 2019 WL 5846994, at \*3 (E.D. La. Oct. 15, 2019) (citing

*Heaton v. Normand*, No. 17-405, 2017 WL 3268341, at \*5 (E.D. La. June 22, 2017),

*adopted*, 2017 WL 3252813 (E.D. La. July 31, 2017)), *adopted*, 2019 WL 5811292 (E.D.

La. Nov. 7, 2019); *Harrell v. Gusman*, No. 15-401, 2015 WL 13736179, at \*4 (E.D. La.

May 13, 2015) ("Dusty air vents ... [d]o not rise to the level of a constitutional

violation."), *adopted*, 2016 WL 1165753, at \*8 (E.D. La. Mar. 25, 2016). Similarly,

allegations of dirty air vents are not sufficiently serious to establish a constitutional

violation. *Harris v. Gusman*, No. 12-2659, 2013 WL 1786797, at \*6 (E.D. La. March

8, 2013), *adopted*, 2013 WL 1786662 (E.D. La. April 25, 2013); *Adams v. Lumpkin*,

2021 WL 7184980, at \*5 (E.D. Tex. Nov. 30, 2021), *adopted*, 2022 WL 194347 (E.D.

Tex. Jan. 21, 2022); *Armstead v. Hanson*, No. 04-16666-P, 2007 WL 519671, at \*2

(W.D. La. Jan. 22, 2007).

Accordingly, Cofield's allegations concerning the physical conditions at the jail

fail to state a cognizable, nonfrivolous claim.

### RECOMMENDATION

It is therefore **RECOMMENDED** that Otis Draven Stone Cofield's § 1983

claims against the Terrebonne Parish Sheriff's Office, Sheriff Timothy Soignet, and

Warden Rhonda Ledet be **DISMISSED WITH PREJUDICE** as frivolous and/or for

failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within

fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, this 4th day of March, 2026.

 

 

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**

9